UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGE-WORKS MANUFACTURING COMPANY., | No. 2:22-cv-1432 DB |
| Plaintiff, | |
| v. | ORDER |
| CONCEALED CARRIER, LLC d/b/a TACTICON ARMAMENT, | |
| Defendant. | |

Plaintiff, proceeding through counsel, commenced this action on August 12, 2022, by filing a complaint and paying the required filing fee. (ECF No. 1.) This matter is before the undersigned pursuant to the Local Rules, Appendix A(m). On August 15, 2022, plaintiff filed a notice of request to seal. (ECF No. 8.)

Local Rule 141(b) requires, in relevant part, that a "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons permitted access to the documents, and all other relevant information." In evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court records.'" Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent – indeed,

1

particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy. Id. (citing Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." Id. at 1097-1101.

Here, the motion to seal seeks to seal—in its entirety—plaintiff's separate application for a temporary restraining order. The materials submitted by plaintiff, however, fail to justify sealing every aspect of an application for a temporary restraining order. While portions of such a filing may justify sealing, it is difficult to discern why even the notice of application must be sealed. Moreover, without disclosing the nature of the documents, the undersigned will note concern as to the propriety of sealing several of the items submitted. Additionally, the undersigned was unable to locate the Temporary Restraining Order ("TRO") Checklist that must accompany the filing of a motion for a TRO, available on the Court's website, and which should be filed as an attachment to the motion.

Accordingly, IT IS HEREBY ORDERED that plaintiff's August 15, 2022 notice of request to seal (ECF No. 8) is denied without prejudice to renewal.

DATED: August 22, 2022         /s/ DEBORAH BARNES
                               UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/edge1432.seal.den.ord